UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


GEORGE DAWSON, et al.,         )        CASE NO.  4:09 CV 2320
                                    )
                                    )
            Petitioners,         )        JUDGE SOLOMON OLIVER, JR.
                                    )
      v.                   )
                                    )        MEMORANDUM OF OPINION
FEDERAL BUREAU OF PRISONS, et al.. )        AND ORDER
                                    )
          Respondent.         )


Petitioners George Dawson, Ronald Lee Phillips and Kenneth K. James have filed the above-captioned pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioners are all incarcerated at Federal Correctional Institution in Elkton, Ohio.  Each petitioner challenges the Federal Bureau of Prisons' (BOP) decision to deny him early release benefits under 18 U.S.C. § 3621(e), based on convictions for being felons in possession of a firearm.  They argue the BOP violated the Equal Protection Clause when it failed to articulate a rational basis for excluding certain prisoners from seeking a reduction in their sentences in accordance with 18 U.S.C. §3621(e).  For the reasons set forth below, the court denies the petition.

*Class Status*

Petitioners seek "class action status" to pursue their claims.  However, it is well established that, while a pro se litigant may represent himself on his own claims, he may not act in a representative capacity. 28 U.S.C. § 1654; see Cavanaugh ex rel. Cavanaugh v. Cardinal Local

Sch. Dist., 409 F.3d 753, 755 (6th Cir.2005). The Sixth Circuit has repeatedly held that pro se prisoner litigants are inadequate class representatives. See e.g., Ziegler v. Michigan, No. 02-1914, 2003 WL 264735 (6th Cir. Feb. 6, 2003); Palasty v. Hawk, No. 00-5840, 2001 WL 857209, at *2 (6th Cir. June 20, 2001); Marr v. Michigan, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. Apr.25, 1996) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.") (citing Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)).  Accordingly, plaintiffs' request for class action status is denied.

Because each petitioner signed the petition, the court will now separately address the relevant facts of each prisoner.[1] Since the time this petition was filed, Mr. Phillips was released to a Community Corrections Center in Balitmore, Maryland.  See www.bop.gov/inmatelocator

*Background*

According to the petition, George Dawson and Kenneth James each pled guilty to being a felon in possession of a firearm and was sentenced on August 27, 2007 and June 11, 2008, respectively.  While petitioner Ronald Phillips also pleaded guilty to being a felon in possession of a firearm on July 10, 2007, he does not indicate when the court imposed his sentence.

Each prisoner claims he was enrolled in the Residential Drug Abuse Program (RDAP) at F.C.I. Elkton when this petition was filed.  While each was permitted to enroll, the BOP allegedly denied each inmate's eligibility for a sentence reduction pursuant to 18 U.S.C.

---

[1]     Federal Rule of Civil Procedure 11 requires that a pro se plaintiff sign any document submitted to the court as certification that the document is not being submitted for an improper purpose and that the document's legal claims and factual allegations are warranted.  FED. CIV. R. 11.

2

§3621(e)(2)(B).  Petitioners challenge the BOP's categorical exclusion of prisoners convicted of being felons in possession of a firearm from eligibility for a sentence reduction.  They claim this categorical denial of eligibility for a sentence reduction violates the Administrative Procedures Act, 5 U.S.C. § 706.

There is no allegation, or attachment to the petition, that indicates any of the petitioners exhausted their administrative remedies.  Instead, petitioners immediately filed this petition challenging the BOP's categorical' denial of their request for a sentence reduction as a violation of their right to equal protection of the law.

*Analysis*

Petitioners claim that when the BOP promulgated 28 C.F.R. §550.58(a)(1)(vi)(B), it failed to "articulate in the administrative record, a rationale for such a categorical exclusion of otherwise eligible prisoners for early release.  By not articulating said rationale in the administrative record, the regulation is rendered invalid, in violation of 5 U.S.C. § 706(2)(A), as being arbitrary and capricious."  (Pet. at 5.)  As implemented, petitioners assert § 550 creates a disparity in the application of a § 3621 sentence reduction which violates their rights under the Equal Protection Clause of the Fourteenth Amendment.  Simply citing several passages from the Ninth Circuit's decision in Arrington v. Daniels, 516 F.3d 1106 (9th Cir.  2008), petitioners maintain that 28 C.F.R. § 550.58 could not withstand judicial scrutiny under §706(2)(A).

*Exhaustion of Administrative Remedies*

It is well established by case law that federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. Little v. Hopkins, 638 F.2d 953, 953- 54 (6th Cir.1981). Petitioners have not alleged facts which demonstrate that they

3

have exhausted their administrative remedies.  In federal habeas corpus proceedings such as this one, however, exhaustion is not a strict statutory, or otherwise jurisdictional, requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995).

Here, the Court finds that it would be most efficient to decide petitioners' claims on the merits. See id. ("[w]here exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court"); see also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 528 U.S. 846 (1999)(exhaustion of state remedies).

*Reduction of Sentence*

In its discretion, the BOP may reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2)(B).  The statute provides:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Id. The BOP determined it would deny an inmate "the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." P.S. § 5162.04, Categorization of Offenses.  The Bureau adopted 28 C.F.R. § 550.58 as a guide for the implementation of its early release program.  The regulation states, in

4

pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> * * *
> (vi) Inmates whose current offense is a felony:
> * * *
> (B) that involved the carrying, possession, or use of a firearm.

28 C.F.R. § 550.58(a)(1)(vi)(B).  Contrary to petitioners' reliance on the Ninth Circuit's opinion in Arrington v. Daniels, 516 F.3d 1106 (9th Cir.2008),[2] current case law in this district does not support a claim that they are entitled to habeas relief.

Petitioner's reasoning relies on the opinion issued by the district court in Todd v. Scibana, 70 F. Supp.2d 779 (E.D.Mich.1999), which, as explained below, has since been overruled. In Todd, the court held that the denial of a prisoner's eligibility for early release, based solely on a sentencing enhancement, violated the statute providing that prisoners convicted of "nonviolent offense" are potentially eligible for one year sentence reduction upon completion of a drug and alcohol treatment program.

The Sixth Circuit overruled Todd and held that, at the time the case was decided,"the district court did not have the benefit of a recent Supreme Court decision, which permitted the Bureau of Prisons to categorically exclude prisoners from a § 3621(e)(2)(B) sentence reduction based on their preconviction conduct. Lopez v. Davis, 531 U.S. 230, 244, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001)." Todd v. Scibana, No. 99-2182, 2001 WL 1136075 (6th Cir. Sept. 19, 2001).

---

[2]      In Arrington, the Ninth Circuit held that the BOP's final 2000 rule is invalid as "arbitrary and capricious" in violation of § 706(2)(A) of the APA because it failed to set forth a rationale for its categorical exclusion rule.

5

The Sixth Circuit reasoned that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." Id.  Thus, it is within the discretion of the BOP to categorically deny prisoners § 3621(e) early release based on preconviction conduct.  Inasmuch as the petitioners were felons at the time they were in possession of a firearm, they would rightfully fall within the class of prisoners the BOP considers ineligible for early release under § 3621(e).

The Eastern District Court of Michigan recently deferred to the BOP's reasonable implementation of § 3621 and held that 28 C.F.R. § 550.58 is not invalid under the APA.  See Johnson v. Zych, No. 09-CV-13216, 2009 WL 2960403, at *4 (E.D. Mich. Sept.  14, 2009) ("this court disagrees with the Arrington decision and finds that 28 C.F.R. § 550.58 is not invalid under 5 U.S.C. § 706(2)(A).")  Shortly thereafter, the United States District Court for the Southern District of Georgia held, in regard to Arrington: "'[N]o court outside the Ninth Circuit has followed Arrington, and most courts have rejected' that case. This Court should follow suit and reject the Arrinqton decision." Lake v. Warden, Federal Satellite Low, No. CV208-127, 2009 WL 2971633, at *2 (S.D. Ga.  Sept. 16, 2009)(quoting Abies v. Eichenlaub, 2009 WL 722287, at *7 (N.D. Fla. March 18, 2009) (collecting cases)).  In a published opinion quoting from the Eighth Circuit's decision in Gatewood v.  Outlaw, 560 F3d 843 (8th Cir. 2009), the Third Circuit unequivocally rejected the Ninth Circuit's holding and stated:

> the Gatewood court determined that Arrington is 'contrary to the Supreme Court's decision in Lopez' and held that the BOP provided sufficient justification for its regulation under the APA. . . . Having closely considered the issue, we conclude that the BOP articulated a sufficient rationale for 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) to satisfy the 'arbitrary and capricious' standard set forth in APA § 706(2)(A).

6

Gardner v.  Grandolsky, 585 F.3d 786, 791-92 (3d Cir.  2009)(quoting Gatewood, 560 F. 3d at 846).

Based on the reasoning of the Sixth Circuit in Scibana, and the opinions of the district courts cases

above and those of our sister circuits, the BOP is within its right to deny petitioners early release

based on their status as felons convicted of possessing a firearm.

*APA Violations*

Section 553(b) of Title 5, United States Code, requires administrative rules to be

published in the Federal Register. Publication of a substantive rule must be made no less than thirty

days before its effective date. 5 U.S.C. § 553(d).  The requirement of notice does not, however,

apply "to interpretative rules, general statements of policy, or rules of agency organization,

procedure, or practice...." 5 U.S.C. § 553(b)(3)(A).

Petitioners provide no legal support for their conclusory claims.  The Sixth Circuit

in Dismas Charities, Inc. v. United States Dep't of Justice, Fed. Bureau of Prisons, 401 F.3d 666 (6th

Cir.2005), distinguished between substantive rules and interpretative rules with regard to

application of the APA. The court explained that, "'[f]or purposes of the APA, substantive rules are

rules that create law,' while in contrast '[i]nterpretive rules merely clarify or explain existing law

or regulations and go to what the administrative officer thinks the statute or regulation means." ' Id.

at 679 (quoting First National Bank v. Sanders, 946 F.2d 1185, 1188-89 (6th  Cir.1991).

The disputed "rule" in Sizemore v. Marberry, No. 04-CV-72282-DT, 2005 WL

1684132, at *1-4 (E.D.Mich. July 14, 2005) involves the same program statement affecting

petitioner, namely PS 5162.04. The district court in Sizemore explained that, "[t]he stated purpose

and scope of the program statement is to assist in the implementation of certain policies and

programs of the BOP. See PS 5162.04 at 1. The objective of the program statement is to deny certain

7

benefits if the inmate's underlying offense is deemed a crime of violence or is identified by the Director of the BOP as one that precludes receipt of program benefits." <u>Id</u>. at 2.  The district court concluded that PS 5162.04 is an interpretive rule, not a substantive rule.  The court continued that "[t]he program statement clarifies the statute and existing regulation and explains what the BOP thinks the statute and regulation mean.  PS 5162.04 did not make law; rather, it says what the law is." <u>Id</u>. at 3.  It is clear, therefore, that the BOP is not required to promulgate the program statement under the APA.  <u>Id</u>. at 4.

*Conclusion*

Based on the foregoing, the claims raised in the petition by George Dawson and Kenneth James are denied pursuant 28 U.S.C. § 2243.  Because Mr. Phillips has been transferred to a C.C.C., his claims are dismissed as moot.  Further, the court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

     /s/ SOLOMON OLIVER, JR.
     UNITED STATES DISTRICT JUDGE

April 29, 2010

8